IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LEE O. MILTON,<br>    Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY,<br>    Defendant. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 2-06-CV-89 (TJW)<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Union Pacific Railroad Company's ("Union Pacific") Motion to Transfer Venue. Having considered the parties' written submissions, the Court DENIES the motion.

**I. BACKGROUND**

Plaintiff, a resident of Edgwood, Texas, filed this suit against Union Pacific under the Federal Employer's Liability Act claiming that on or about August 24, 203, he became aware that cumulative overstress, overuse and trauma at work allegedly caused him upper and lower extremity disorders. Edgewood, Texas is in Van Zandt County located in the Tyler Division of the Eastern District of Texas. Plaintiff worked for Union Pacific based in Garrett, Texas, also located in the Tyler Division of the Eastern District of Texas. The defendant has moved to transfer the case from the Marshall Division of the Eastern District of Texas to the Tyler Division.

**II. APPLICABLE LAW**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28

U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). If so, under section 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which is given dispositive weight. *Id*.

The private factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of the compulsory process to secure witnesses' attendance;

(3) the willing witnesses' cost of attendance; and

(4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.

*Id*.

The public factors include:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having local issues decided at home;

(3) the forum's familiarity with the governing law; and

(4) the avoidance of unnecessary conflict of law problems involving foreign law's application.

*Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's choice of forum, by itself, is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003); *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567, 571 (E.D.Tex.2004) (Folsom, J.). The Court will not consider the location of the parties' counsel as this

factor is not relevant in determining whether transfer is appropriate. *In re Volkswagen*, 371 F.3d at 204.

### III.  APPLICATION OF THE TRANSFER FACTORS

As Union Pacific's transfer request is within the Eastern District, this Court need not consider whether the plaintiffs' claims could have been filed in the judicial district to which transfer is sought. This requirement is obviously met so the Court will consider the transfer factors as they apply to all of the claims brought in this case. *See In re Volkswagen*, 371 F.3d at 204.  After considering all of the factors, the Court finds that the reasons to retain the case in Marshall outweigh the reasons to transfer to Tyler.

1. <u>The Private Factors</u>

(1) *The plaintiff's forum choice.*

While the plaintiff's forum choice is neither controlling nor determinative, it is a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d at 434.  Plaintiffs chose to bring their suit in Marshall and therefore this factor weighs against transfer.

(2) *The relative ease of access to sources of proof.*

The plaintiff argues that documents are located in Fort Worth Texas and that this favors transfer.  The proof located in Fort Worth can be sent just as easily to either Marshall or Tyler.  Any documentation located at Union Pacific in the Tyler Division can very easily be sent to Marshall.  At best, this factor only slightly supports transfer.

(3) *The availability of the compulsory process to secure witnesses' attendance.*

The parties have not identified any unwilling witnesses that would be subject to compulsory process in Tyler but not in Marshall.  As such, this factor does not support transfer.

(4) *The willing witnesses' cost of attendance.*

Defendant argues that witnesses from Fort Worth would incur expenses if they had to travel from Fort Worth to Marshall for trial. In fact, they argue that the expenses would be great. The Court does not find this argument persuasive. The Court can not rationalize how the defendant calculates the travel costs from Fort Worth to Marshall to be significantly greater than from Fort Worth to Tyler. Further, any witnesses located in the Tyler Division would not be significantly burdened to travel to Marshall for trial. The distance between Tyler and Marshall is only approximately sixty miles. Thus, this factor does not favor transfer.

2. Remaining Factors

As to the other practical problems that make the case's trial easy, expeditious, and inexpensive, the administrative difficulties flowing from court congestion, the local interest in having local issues decided at home, the forum's familiarity with the governing law, and the avoidance of unnecessary conflict of laws problems involving foreign law's application, the Court finds that all of these factors are neutral.

### IV. CONCLUSION

The Court finds that, when considering all of the factors, transfer from Marshall to Tyler is inappropriate in this case. Accordingly, the Court DENIES Union Pacific's motion.

SIGNED this 13th day of July, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE